THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. STEPHEN D. EARLES, Defendant-Appellant.

(No. 11228;

Fourth District—December 7, 1970.

Morton Zwick, Executive Director, Illinois Defender Project, of Chicago, (Mary Ellen Dienes, of counsel,) for appellant.

Honorable Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Defendant was convicted of criminal misrepresentation of factoring in a bench trial and fined $4,000.00. The indictment charged that between September 15, 1966, and March 25, 1969, defendant had "continually represented to [a named person] that he was conducting a business of factoring of accounts receivable to deceive [said person] and cause him to invest monies in said business * * *". His motion for a bill of particulars requested the date or dates on which such named person invested monies, the amount, the nature of the representation, and by whom made. In answer, September 15, 1966 was stated to be the date of investment, the amount $4,000.00, the representation—defendant was to use the money in the factoring of accounts receivable, and that such representation was made by him.

■■ The Act making criminal misrepresentation of factoring with intent to deceive did not become effective until August 11, 1967. It is thus apparent that when the $4,000.00 was invested in defendant's business— September 15, 1966—there was no such crime. This Act (Ill. Rev. Stat.

1967, ch. 38, par. 40—1 *et seq.*), reads: "Any person other than a factor who uses the words 'Factor' or 'Factoring' in connection with his business with intent to deceive commits criminal misrepresentation of factoring." "Factor" is defined as a person substantially engaged in the business of purchasing of or financing on the security of accounts receivable, and "deceive" means to engage in deception as defined in § 15-4 of the Criminal Code, that is, in part, to knowingly create or confirm another's impression which is false and which the offender does not believe to be true or fails to correct a false impression which the offender previously has created or confirmed. The gist of the offense, as we see it, is the use of the words "factor" or "factoring" by one not in that business with intent to deceive, thus a holding out or representation of being in such business with such intent when one is not.

■■■ Defendant argues that he was convicted of a crime which was *non est* at the time he is said to have committed it. If so, we need only to allude to the Constitution to know that such cannot be done. At least on the surface, a misrepresentation of factoring on September 15, 1966, when there was no statute certainly raises an *ex post facto* question. Assuming for the sake of argument that this was the only misrepresentation whether charged or proved, defendant could not be found guilty. However, defendant conveniently slights, in our opinion, the word "continually" in the indictment. The indictment, as we have seen, charged that he had "continually" represented to a named person that he was conducting a business of factoring to deceive such person, which representations were made "between September 15, 1966 and March 25, 1969". Thus, the charge, though it begins the misrepresentation at a time when there was no such offense, carries over to a time when there was. This indictment therefore states a crime—the crime of criminal misrepresentation of factoring. We know of no reason why conduct made criminal on a given date cannot be criminally charged to have occurred both before and after. Whether proof of the ante-passage conduct would be admissible with or without the allegation of continuity is an evidentiary problem, and, incidentally, not presented here, and we imply nothing whatsoever in this observation. If a misrepresentation or misuse of certain words coupled with deception is a criminal act, a statement to that effect is enough to charge the offense without regard to the fact that it might also be charged that such representations or use was made when such were not criminal.

■■ To say that there must be evidence of such conduct which post dates the Act's passage is to state the obvious. Here there was. While the person named in the indictment testified as to defendant's representations and his investment on September 15, 1966, the very fact that defendant

paid him 18% per year interest until January, 1969, was at the very least an implied and continuing representation of factoring. He also testified to one or two further conversations with the defendant after the effective date of the Act, the last being in the fall of 1968, and to conversations with the defendant's agent "every month or so". A host of witnesses testified to the same effect—and such were after the Act's passage. It was a question of fact whether or not the defendant had a factoring business —decided against him—but that he held himself out as being in the business of factoring was admitted. Indeed, defendant advised several of the investors when the curtain was about to be rung down, that the factoring business never existed and that he used the money they invested in other ways—one being to keep up his promised interest return on their investments.

Much is made of the fact that because the bill of particulars specified a date prior to the Act's enactment when money was invested that he was convicted of an offense not then a crime. But such assertion ignores the gist of the offense and skips over the precise nature of defendant's request for the bill—"the date or dates on which the complaining witness * * * invested moneys in any business run by [defendant]". Now, if the question had been on what date or dates were the representations made and the answer limited such representations to a time before the statute, something might be said for defendant's argument. But this is not, as we have seen, the way it was.

██ The point that the motion raising these points was not heard prior to trial, though requested, must fail for the very simple reason that its denial at any juncture was quite proper—if it were not, we would now reverse. We think the proof was overwhelming of conduct condemned by the statute. As we have said, the representations of factoring were everywhere and the only fact in dispute being the nature of the defendant's business—was it factoring? Under the evidence it was proper to conclude that it was not and that the representations were misrepresentations and were made with an intent to deceive.

Though the argument is made somewhat belatedly, defendant points out that the indictment did not charge that he *mis*represented himself to be a factor when in fact he was not—rather it charges him with receiving moneys for investment in his factoring business, which he represented such to be. Without saying so, the point seems to be that the absence of the prefix "mis-" before "represented" in the indictment neither charges the crime he was convicted of and, indeed, charges no crime at all.

██ There are two answers to this, it seems to us. In the first place, the indictment charged that the defendant between the two dates "committed

the offense of CRIMINAL MISREPRESENTATION OF FACTORING, in violation of Chap. 38, Sec. 40 Ill. Rev. Stat., 1967 in that he continually represented * * *." In this context "represented" necessarily includes the idea of misrepresentation. Secondly, even if we disregard this context, when one has represented something "to deceive" another, that which is represented is a misrepresentation. In other words, a representation to deceive is a misrepresentation, and he who has so represented has misrepresented. The indictment adequately advised defendant that he was charged with representing himself as a factor when in fact he was not.

██ It is not for us to question the wisdom of the statute as defendant would have us do. We can assume that the General Assembly had reasons enough to cause its enactment, not the least of which is that the factoring of accounts receivable in the United States is very big business as the November, 1970, issue of Fortune Magazine points out—ten billion dollars.

The judgment appealed from is affirmed.

Judgment affirmed.

CRAVEN, P. J. and TRAPP, J., concur.